

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**
FEB 2 3 2010
feb 23 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ALTA MERE INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DBC WINDOW TINTING, INC., )<br>ALTA MERE WINDOW TINTING & )<br>ALARMS OF TYLER, DAVID G. )<br>CARDER, BEVERLY M. CARDER, )<br>and IMPACT TINT & AUDIO, LLC )<br>)<br>Defendants. ) | No. 10 CV 266<br><br>Judge John W. Darrah |

## PLAINTIFF ALTA MERE INDUSTRIES, INC.'S
## RESPONSE IN OPPOSITION TO
## DEFENDANT IMPACT TINT & AUDIO, LLC'S MOTION TO DISMISS

Plaintiff Alta Mere Industries, Inc. ("Alta Mere") respectfully requests that this Court deny Impact Tint & Audio, LLC's ("Impact") motion to dismiss. In support thereof, Alta Mere states as follows:

### INTRODUCTION

There are three parties to the litigation before the Court: Alta Mere; Impact; and lastly, Alta Mere Window Tinting & Alarms of Tyler, David G. Carder, and Beverly M. Carder (collectively, the "Other Defendants"). This dispute essentially stems from two elements: Impact's tortious interference with the contractual relationship between Alta Mere and the Other Defendants under a Franchise Agreement and related documents (collectively, the "Agreements"); and Impact's trademark infringement and wrongful competition with Illinois-based Alta Mere.

Impact's motion to dismiss argues that the company is not subject to personal jurisdiction in Illinois. (Doc. 10). As an essential element of this litigation is Impact's tortious interference with the business relationship between the other parties, it would be counterintuitive and patently inappropriate to not honor the choice of forum and venue in the Agreements made by the other parties at the onset of the business relationship In addition, Impact continues to commit trademark infringement against Illinois-based Alta Mere, and precedent dictates that trademark infringement damages the victim in the state in which the victim is domiciled.

As Impact has tortiously interfered with the business relationship created by the Agreements and Impact continues to misappropriate Alta Mere's intellectual property and infringe upon Alta Mere's trademarks, Impact's misconduct subjects Impact to the Court's exercise of personal jurisdiction over Impact and this Court's exercise of personal jurisdiction over Impact does not offend due process. Further, venue is proper due to the Other Defendants stipulation to the jurisdiction of Illinois federal courts and the choice of Illinois law in the Agreements. Impact has chosen to knowingly insert itself into the business relationship created by the Agreements between Alta Mere and the Other Defendants, and fairness dictates that Impact should be subject to the same restrictions imposed on the parties to the Agreements. Accordingly, Impact's motion to dismiss for lack of personal jurisdiction and improper venue should be denied.

## **RELEVANT BACKGROUND FACTS**

On March 6, 2000, the Other Defendants entered into a Franchise Agreement (the "Franchise Agreement") with Alta Mere under which the Other Defendants obtained the right and undertook the obligation to operate an "Alta Mere" franchise for a term of


twenty (20) years located at 2505 W. SW Loop 323, Tyler, Texas 75701 (the "Franchise Business"). (Comp. Ex. A). Pursuant to Section 34 of the Franchise Agreement, the Other Defendants consented to the jurisdiction and venue of the United States District Court for the Northern District of Illinois with respect to any proceedings that arise out of or are connected in any way with the operation of the Franchise Business.

For seven years, the Other Defendants operated the Franchise Business as contemplated by the Franchise Agreement without incident. In 2007, however, Impact's principals Mark D. Wyatt and Dee S. Wyatt (collectively, the "Wyatts") and the Other Defendants attempted to negotiate a sale transaction of all the assets of the Franchise Business (the "Assets") to the Wyatts. The Other Defendants originally represented to the Wyatts that the Assets were free from any lien or encumbrance. The Other Defendants notified Alta Mere of the pending sale transaction in order to obtain Alta Mere's consent to the sale transaction prior to consummation as required by the Franchise Agreement. Alta Mere notified the Wyatts in turn of Alta Mere's ownership of the telephone numbers and intellectual property used in connection with the Franchise Business and conditioned its approval of the sale transaction upon Alta Mere's retention of the telephone numbers and intellectual property, and also upon the Wyatts' covenant that an automotive window tinting business would not be operated at the site of the Franchise Business (among several other factors). (Exhibit A). After Alta Mere's notification, the Wyatts declined to pursue the sale transaction to completion. Alta Mere fully documented the course of events leading to the sale transactions failure and sent this documentation to Other Defendants. (Exhibit B).

By Impact's own admission, Impact was created on November 23, 2009, by Dee

Wyatt and Dee Wyatt is the Managing Member of Impact. (Document 10 at p. 2). Impact is undeniably a business entity intended to serve as an avatar for the Wyatts. Impact was created to consummate the failed 2007 sale transaction of the Assets in 2009, and Impact effectively conspired with the Other Defendants to deprive Alta Mere of Alta Mere's benefits, rights and proceeds from the Agreements by virtue of Impact's participation in the 2009 sale of the Assets and Impact's tortious interference with the Agreements. As Impact had both constructive and actual notice of Alta Mere's intention to protect its rights under the Agreements if the Assets were sold to the Wyatts (and by extension, Impact), Impact's assertion that Impact is an innocent third party with no connection to the Illinois-based Alta Mere is disingenuous and spurious.

Impact also continues to use the same telephone numbers at the location of the Franchise Business and these telephone numbers have been advertised in conjunction with Alta Mere's service marks and trademarks since 1997 in a number of commercial publications (including the Yellow Pages) and on the Internet. Impact is using Alta Mere's service marks and trademarks to advertise its automotive window tinting business without Alta Mere's authorization and is infringing upon Alta Mere's intellectual property. (Exhibit C). Trademark infringement subjects an offender to personal jurisdiction in the forum where the holder of the trademark resides.

Alta Mere is an Illinois corporation and resides in Illinois.

## ARGUMENT

### I. THE ILLINOIS LONG-ARM STATUTE AUTHORIZES THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER IMPACT.

The Illinois long-arm statute authorizes Illinois courts to assert personal jurisdiction to the extent granted by the United States Constitution. While the Illinois long-arm statute is distinct and separate from the constitutional due process requirement, the two analyses are the same. *GMAC Real Estate, LLC v. Canyonside Realty, Inc. et al.*, 2005 U.S. Dist LEXIS 12589, *7-8 (N.D. Ill. 2005). Impact's actions subject it to the Illinois long-arm statute and this Court's personal jurisdiction.

The Illinois long-arm statute provides that a person submits himself to the jurisdiction of Illinois courts by engaging in an act which arises from the "transaction of any business within this State…[or] the commission of a tortious act within this State… [or] the making or performance of any contract or promise substantially connected with this State." 735 ILCS §5/2-209 (2008). Alta Mere brings this suit for, among other things, breach of the Agreements that the Other Defendants entered into with Alta Mere in Illinois. The Agreements arise out of the Other Defendants' business relationship with Alta Mere, their Illinois-based franchisor, and which relate to the Other Defendants' transaction of business with Alta Mere in Illinois. The breach of the Agreements arise out of Impact's tortious interference with the Agreements. Since pursuant to Section 34 of the Franchise Agreement, the Other Defendants consented to the jurisdiction and venue of the United States District Court for the Northern District of Illinois with respect to any proceedings that arise out of or are connected in any way with the operation of the Franchise Business, Impact's tortious interference with the Agreements subjects it to the

Illinois long-arm statute. The terms of the Franchise Agreement, in conjunction with Impact's conduct and the Illinois long-arm statute, authorize this Court to exercise personal jurisdiction over Impact.

## II. THE DUE PROCESS CLAUSE AUTHORIZES THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER IMPACT.

Impact has challenged this Court's exercise of personal jurisdiction by asserting that "Impact has not engaged in any type of 'continuous, substantive contact' with Illinois." When a defendant challenges the Court's exercise of personal jurisdiction, the plaintiff "bears the burden of proving facts sufficient to establish personal jurisdiction." *Competitive Strategies Group, Ltd. v. IP Communications Corp.*, 2000 WL 286789, at *1 (N.D.Ill. 2003) (Holderman, J.). "This burden, however, is low." *Wasendorf, Sr. v. DBH Brokerhaus AG, et al.*, 2004 WL 2872763, at *2 (N.D. Ill. 2003). Alta Mere need only make a prima facie showing that jurisdiction is proper to satisfy its burden of proof. *Midas Int'l Corp. v. Willard Enter.*, 1993 U.S. Dist LEXIS 3814, at *3 (N.D. Ill. 1993). Conflicts in evidence must be resolved in Alta Mere's favor. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Impact has sufficient minimum contacts as a result of its tortious interference with the Agreements. Tortious interference with an Illinois plaintiff's contractual relations subjects the tortfeasor to personal jurisdiction in Illinois. 735 ILCS § 5/2-209(a)(2) (2008); *Cleary v. Sterenbuch*, 2001 U.S. Dist. LEXIS 14050, No. 01 C 5109, 2001 WL 1035285, *2 (N.D.Ill. Sept. 10, 2001).

The due process clause of the United States Constitution only requires that defendants have minimum contacts with a forum state so that he or she has "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign."

*Burger King*, 471 U.S. at 476. Where a defendant has purposely availed himself of the benefits and protections of the forum state's laws and citizens, due process has not been offended. *Id.* Further, in a specific jurisdiction case such as this, the lawsuit must "'arise out of' or 'be related to' the minimum contacts defendant had with the forum state." *Competitive Strategies*, 2000 WL 2867898, at *2 (*quoting RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)). Impact has tortiously interfered with the Agreements and business relationship between Alta Mere and the Other Defendants after receiving fair warning that Alta Mere would pursue legal action if Impact engaged in such conduct, and Impact therefore is subject to this Court's exercise of personal jurisdiction.

Due process requires a court to assert jurisdiction over defendants that engage in a continuous and systematic business relationship with a franchisor and that breach a contract with a franchisor who is a resident of the forum state. *Burger King*, 471 U.S. at 476. Where a defendant reaches out and deliberately engages in significant activities within a state, or engages in conduct that significantly affects the performance of a contract, that defendant must "submit to the burdens of litigation in that forum as well." *Id.* "Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State." *Id.*

Franchise relationships are by nature continuous and systematic relationships. A continuous business relationship exists when a franchisee reaches out to a franchisor, enters into a twenty-year relationship with a franchisor of a foreign state, accepts the exacting regulation of its franchised business, and receives the benefits of working with that franchisor. *Id.*; *see also Crescent Ace Hardware*, 2003 U.S. Dist LEXIS 12084, at

*14 (N.D. Ill. 2003) (finding ongoing relationship sufficient to establish minimum contacts where defendant sent reports to franchisor in Illinois, accessed computer system which was operated out of Illinois, and received supervision from the franchisor's Illinois office).

It is also well-established that the breach of a franchise agreement injures the franchisor in the foreign state. *Burger King*, at 480 (where the Supreme Court held that the failure of a franchisee in Michigan to pay royalties and continue the use of the trademarks and confidential business information after termination of the franchise agreement caused substantial injuries to the franchisor in Florida). A defendant should obviously foresee being subject to Illinois jurisdiction where the defendant directs misconduct towards a franchisor in this state, and a defendant who knowingly tortiously interferes with a defendant's relationship with its franchisor, as is the situation in the instant case where Impact tortiously interfered with the Other Defendants' relationship with Alta Mere, should also obviously foresee being subject to Illinois jurisdiction.

### III. IMPACT HAS INJURED ALTA MERE'S TRADEMARKS AND PROPRIETARY INFORMATION IN ILLINOIS.

Trademark infringement subjects an offender to personal jurisdiction in the forum where the holder of the trademark resides. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership*, 34 F.3d 410, 411 (7th Cir. 1994). Where a defendant impairs a plaintiff's trademarks, the injury is felt mainly in the state where the plaintiff holds those trademarks. *Id.* By purposely infringing on trademarked property and directing their misconduct towards an Illinois resident, defendants assume the risk of injuring valuable property within the forum state and subjecting themselves to jurisdiction. *Id.*

In the instant case, Alta Mere has alleged claims for trademark infringement against Impact. Impact's infringements of Alta Mere's trademarks subject Impact to personal jurisdiction in Illinois, Alta Mere's resident state. In addition to the economic damages Alta Mere has suffered from business lost to Impact from customers intending to use Alta Mere products and services and inadvertently contacting Impact instead, Impact's intentional and unauthorized use of Alta Mere's trademarks and proprietary information has diluted the quality and goodwill of Alta Mere's marks and identity.

Alta Mere's headquarters and principal place of business are located in Illinois, and Alta Mere enters into all franchise agreements in Illinois where it contracts for use of its trademarks and proprietary information. Consequently, dilution of Alta Mere's identity and goodwill is felt almost entirely by Alta Mere in Illinois where it contracts for use of its trademarks and proprietary information. By infringing upon Alta Mere's trademarks, Impact is subject to personal jurisdiction in Illinois and its motion to dismiss for lack of personal jurisdiction should be denied.

## IV. VENUE IS PROPER IN THIS COURT, AND THE MOTION TO DISMISS FOR IMPROPER VENUE SHOULD BE DENIED.

Impact's assertion that venue is improper lacks merits. Venue is proper in a diversity action "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The statute does not require that "the majority of the events in the instant case must have taken place in Illinois." *RM Petroleum*, 2004 U.S. Dist. LEXIS 1822, at *17.

As detailed above, the Other Defendants agreed to litigate all claims which arise out of their franchise relationships in Illinois. The Other Defendants have made no opposition to this venue and Impact has conspired with the Other Defendants to deprive

Alta Mere of its benefits, rights and proceeds under the Agreements. Therefore, venue in this Court is proper, and Impact's motion to dismiss for improper venue should be denied.

### V. IMPACT RELIES ON *MORAN INDUSTRIES, INC. V. HIGDON* TO SUPPORT ITS MOTION TO DISMISS; *MORAN* IS NEITHER BINDING UPON THIS COURT NOR SETTLED CASE LAW.

Impact's Motion to Dismiss relies primarily upon *Moran Industries, Inc. v. Higdon*, No. 07 C 6092 (2008) WL 4874114 (N.D. Ill., June 26, 2008) to support its contentions that personal jurisdiction and venue are improper. *Moran* is not binding precedent for this Court, is distinguishable from the case at hand and is not well-established law with any history of supporting decisions.

#### A. *MORAN* IS NOT BINDING PRECEDENT FOR THIS COURT.

*Moran* was decided on June 26, 2008, by another member Court of the Northern District of Illinois and held that the forum selection clause in a franchise agreement was unenforceable because the franchised business was not located in the chosen forum. While this Court should give some deference to its sister Court, this Court is not bound to follow it as this Court possesses authority equal to that of its sister Court, and Alta Mere strongly encourages this Court to consider the implications of a decision that effectively makes the parties' intentions with regard to forum selection at the time of contracting irrelevant. *Moran* restricts the rights of the parties to freely contract and should not be followed.

### B. *MORAN* IS DISTINGUISHABLE FROM THE INSTANT CASE.

As noted above, *Moran* stands for the proposition that the forum selection clause in a franchise agreement is not binding upon the parties to that agreement. Impact itself admits that "Impact has not entered into any agreements whatsoever with Alta Mere." (Motion to Dismiss at p. 6). If this Court feels that it must give deference to *Moran*, then this Court should at least interpret *Moran* in as narrow a manner as possible and apply it only to the validity of forum selection clauses in franchise agreements. In the instant case, Alta Mere has no agreed-upon selection clause with Impact because Impact is not a party to a contract with Alta Mere; rather, Impact is a tortfeasor against Alta Mere. *Moran* is therefore inapplicable.

### C. *MORAN* IS NOT WELL-ESTABLISHED LAW.

Following the original ruling by this Court's sister Court, Moran Industries, Inc. (Alta Mere's parent company) immediately filed an appeal in the Court of Appeals for the Seventh Circuit as *Moran* directly contradicted decades of precedent and rejected the tradition of allowing parties to a contract to utilize a forum selection clause; under *Moran*, the parties' free will at the time of contracting becomes irrelevant. While the appeal was pending, the parties settled the matter pursuant to a written Settlement Agreement, and the parties filed a Joint Motion to Vacate Orders Pursuant to Fed. R. Civ. P.60(b) because the resolution of the appeal was rendered moot in that specific case by the Settlement Agreement. If *Moran* is upheld, literally thousands of currently viable contracts nationwide may contain forum selection clauses that are no longer valid or enforceable. *Moran* establishes precedent that is simply bad public policy and restricts the parties' right to freely contract, and it should not be relied upon.

## CONCLUSION

For the foregoing reasons, Alta Mere respectfully requests an order denying the motion to dismiss filed by defendant Impact Tint & Audio, LLC.

Dated: February 23, 2010.                    MORAN INDUSTRIES, INC.

By: _____
Seamus M. Ryan
Moran Industries, Inc.
4444 West 147th Street
Midlothian, Illinois 60445
T (708) 297-2245
F (708) 389-9882

    

**MORAN INDUSTRIES, INC.**
*Franchisors of Automotive Accessories & Repair Centers*

September 13, 2007

**VIA FACSIMILE**
Mr. Mark Wyatt
c/o David Carder
DBC Window Tinting, Inc. d/b/a Alta Mere
2505 W. SW Loop 323
Tyler, TX 75701

    Re:    **Purchase of Inventory and Equipment of DBC Window Tinting**

Dear Mr. Wyatt:

    We understand that you intend to purchase certain items of inventory and equipment used in the operation of an Alta Mere store from DBC Window Tinting and Mr. David Carder for the purpose of establishing a stereo products business. We further understand that you seek assurance that legal action will not be taken against you for completing this transaction.

    Please be assured that we do not intend to assert any claims against you relating to this transaction as long as: (i) you do not operate as an automotive window tinting business, (ii) you do not use or advertise any telephone numbers associated with the Alta Mere franchise, including (903) 534-8468 and (903) 534-1511; (iii) you do not use any materials, manuals, customer lists, software, forms, promotional or marketing materials or other proprietary materials or materials bearing the Alta Mere trademark; (iv) all Alta Mere sign faces and other signage are removed from the store premises upon or prior to closing; and (v) you do not identify yourself as having been associated with Alta Mere.

    I hope this letter satisfies your request for assurance. If you have any questions regarding this correspondence, please feel free to contact me at (708) 297-2227.

Very truly yours,

*Kristine Martens*

Kristine Martens
In-House Counsel
**D.R.I.V.E.**
*Dedication • Respect • Integrity • Vision • Enthusiasm*

www.moranindustries.com • www.mrtransmission.com • www.milextuneupbrake.com • www.multistatetransmission.com • www.altamere.com

4444 W. 147th Street • Midlothian, IL 60445
(708) 389-5922 • (800) 377-9247 • (708) 389-9882 Fax

**EXHIBIT A**

    

**MORAN INDUSTRIES, INC.**
*Franchisors of Automotive Accessories & Repair Centers*

October 2, 2007

**VIA REGULAR MAIL**
DBC Window Tinting, Inc. & David Carder
d/b/a Alta Mere
2505 W. Southwest Loop 323
Tyler, TX 75701

      Re: **Settlement and Release Agreement**

Dear Mr. Carder:

      On or about September 12, 2007, you executed a Mutual Release & Settlement Agreement with Moran Industries, Inc. ("Moran") and sent two checks, one in the amount of $180 and the other in the amount of $7,500 (on which you stopped payment). It is Moran's understanding that your agreement with the Wyatts fell through because the Wyatts' understood from you that they were purchasing all assets of the business, while Moran consented to the transfer of only certain assets of the business.

      Because the transaction with the Wyatts did not occur, and you stopped payment on the check and continue to operate the Alta Mere franchise, Moran considers the release agreement as moot and of no effect. As a result, Moran expects you to continue to operate the Alta Mere franchise pursuant to the terms of your franchise agreement until another purchaser can be located by you.

      Please contact us by October 8 to confirm that you will continue to operate the Alta Mere franchise pursuant to the terms of your franchise agreement. However, because you have acted in a hostile manner during many recent telephone conversations, we feel that future verbal conversations will not be productive on this issue. Consequently, in order to avoid future verbal harassment over the telephone, Moran asks that from this point forward, we communicate in writing.

                                      Very truly yours,

                                      Kristine Martens
                                      In-House Counsel

cc:    Richard Hughes, Esq.



**D.R.I.V.E.**
*Dedication • Respect • Integrity • Vision • Enthusiasm*

www.moranindustries.com • www.mrtransmission.com • www.milextuneupbrake.com • www.multistatetransmission.com • www.altamere.com
4444 W. 147th Street • Midlothian, IL 60445
(708) 389-5922 • (800) 377-9247 • (708) 389-9882 Fax

**EXHIBIT B**

Web   Images   Videos   Maps   News   Shopping   Gmail   more ▼          Web History | Search settings | Sign in

Google  | alta mere tyler texas                                    Search | Advanced Search

Web    Show options...            Results **1 - 10** of about **3,410** for **alta mere tyler texas**. (0.28 seconds)



**Alta Mere Window Tinting-Auto**
www.altamere.com

2505 W Southwest Loop 323
Tyler, TX 75701-9210
(903) 534-8468
Get directions - Is this accurate?

2 reviews
More information »

**Alta Mere - Providing nationwide Auto and Truck window tinting and ...**
**Alta Mere** is America's largest high tech automotive accessories and ... **Alta Mere** is the expert in the latest high technology products for your automobile. ...
www.**altamere**.com/ - Cached - Similar

　　Locations                  Contact Us / Request Info
　　Products & Services        Accessories
　　Window Tinting

　　More results from altamere.com »

**Alta Mere Window Tinting & Auto Alarms in Tyler, TX 75701 - (903 ...**
Information on **Alta Mere** Window Tinting & Auto Alarms in . (903) 534-8468. Address, phone number, map, driving directions, hours of operation, services, ...
localdirectory.kltv.com/**alta+mere**+window+tinting+auto+alarms.9.54171654p.home.html -
Cached

**Alta Mere Window Tinting in Dallas, TX 75219 (214-521-7477 ...**
**Alta Mere** Window Tinting. Replacement Windows - Dallas, TX ... TX Replacement Windows · Temple, TX Replacement Windows · **Tyler, TX** Replacement Windows ...
www.buyerzone.com › Facilities › Windows › USA › Texas › Dallas - Cached

　　**Altamere Window Tinting & Auto Alarm in Lubbock, TX 79414 (806-795 ...**
　　**Altamere** Window Tinting & Auto Alarm. 5308 Slide RD. Ste A. Lubbock. TX. 79414.
　　33.545812 ... Temple, TX Replacement Windows · **Tyler, TX** Replacement Windows ...
　　www.buyerzone.com › ... › Windows › USA › Texas › Lubbock - Cached - Similar

**DARS - Division for Rehabilitation Services Office Addresses and ...**
FORT WORTH FIELD OFFICE WEST, 3005 **ALTA MERE** DR FORT WORTH, TX 76116,
(817) 759-3750 .... TYLER FIELD OFFICE, 3800 PALUXY DRIVE SUITE 325 **TYLER, TX**
75703 ...
www.dars.state.**tx**.us/drs/DRSoffices.asp - Cached - Similar

**Map of Alta Mere Window Tinting-auto in 2505 W Southwest Loop 323 ...**
**Alta Mere** Window Tinting-auto in **Tyler Texas** with MapQuest maps and driving directions.
**Alta Mere** Window Tinting-auto locations in your local area - maps, ...
www.mapquest.com/maps?...**Alta+Mere**...**Tyler**...**TX**...W... - Cached


EXHIBIT C

### Alta Mere Window Tinting & Auto Alarms in Tyler, TX 75701 - (903 ...
**Alta Mere** Window Tinting & Auto Alarms. (903) 534-8468; 2505 W Southwest Loop 323;
**Tyler, TX** 75701; Map and Directions. Own this business? ...
localdirectory.wcbstv.com/**alta+mere**+window+tinting+and+auto+alarms.9.54171654p.home.html
- Cached

### Alta Mere Window Tinting THROUGH Alta Moda Salon & Spa | Manta ...
**Alta Mere** Window Tinting Oklahoma City, OK **Alta Mere** Window Tinting Las Vegas, NV **Alta Mere** Window Tinting **Tyler,**            Window Tinting Fort Worth, TX ...
www.ecnext.com/seocm/us/1161301-1161400 - Cached

### Kelly-Moore Paints - The Painter's Paint Store - (Stores (by state))
Kelly-Moore Paints 3101 **Alta Mere** Drive Fort Worth, Texas, 76116 (817) 737-8787 ... Tyler
Kelly-Moore Paints 4708 Troup Highway **Tyler, Texas,** 75703 ...
www.kellymoore.com/site/storesbystate/**TX** - Cached

### Moose Auto Glass - Tyler, Texas (TX) | Company Profile
**Alta Mere** Window Tinting, Glass Coating and Tinting in **Tyler, TX.** Fifth Sreet Automotive
Service, Car Repair and Service in **Tyler, TX ...**
   Show map of 4220 Timms St, Tyler, TX 75701-8448
www.manta.com/coms2/dnbcompany_8q4fr - Cached - Similar

**1** 2 3 4 5 6 7 8 9 10      Next

| alta mere tyler texas | Search |

Search within results - Language Tools - Search Help - Dissatisfied? Help us improve -
Try Google Experimental

Google Home - Advertising Programs - Business Solutions - Privacy - About Google




KLTV.com
Your East Texas News Leader

**FIND:** Business, Products and Services
Enter name or type of business

**NEAR:** Morris, IL
Enter city & state, or ZIP

Search

Morris, IL
35.6°F
Frozen Mix

More Observations

Morris Local Business Directory > Car Stereos & Radios > Alta Mere Window Tinting & Auto Alarms

Sign In | Register

SPONSORED LINKS

Home Stereo Equipment
Find Illinois Stereo Equipment - Receivers, Turntables, Systems.
yellowpages.com

Car Stereos & Speakers
Great deals on car stereo systems. Always the lowest prices. Period.
electronicsretailers2660.net

Bose Wave System Offer
Free Wave Connect Kit for iPod With Wave System Purchase. Ends 3/31/10
www.Bose.com

write a review

**Alta Mere Window Tinting & Auto Alarms**
**(903) 534-8468**
2505 W Southwest Loop 323
Tyler, TX 75701
Map and Directions

Own this business? Sign in to update your listing

Share this Listing    Email this Listing

Print this listing

### Reviews

write a review | view all reviews

Average (0)

Local.com brings you this unique summary of what online reviewers across the web are saying about this Local.com business. If there is no review summary information available for this business, please be the first on the web to chime in and write a review!

Local.com (0)

### Related Services

Shopping Services, Electronics, Stereo Dealers

### Nearby Businesses

Nearby Banks, Nearby Book Stores, Nearby Coffee Houses, Nearby Florists, Nearby Gas Stations, Nearby Gyms, Nearby Grocery Stores, Nearby Ice Cream, Nearby Nightclubs, Nearby Restaurants

SPONSORED LINKS

New Vehicle Info
Get info on New Vehicle from 10 search engines in 1.
www.info.com

New Vehicle
Find new vehicles. Get top deals online now.
www2.ewoss.net

New Vehicle
Compare Best 5 Deals for New Vehicle! See FREE results on new vehicle
www.clik-me.com

Copyright 2010 Local.com a Corporation - US Patent Number 7,231,405.
Local Search by PremierGuide, a Local.com company. Some data provided by Acxiom.



# MapQuest.

Sorry! When printing directly from the browser your directions or map may not print correctly. For best results, try clicking the Printer-Friendly button.

 **Alta Mere Window Tinting-auto**
2505 W Southwest Loop 323
Tyler, TX 75701-9210



© 2010 MapQuest Inc.                                        Map Data © 2010 NAVTEQ or Intermap

All rights reserved. Use subject to License/Copyright

Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use