UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTA MERE INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) Case No. 10 CV 266 |
| | ) |
| v. | ) Judge John W. Darrah |
| | ) |
| DBC WINDOW TINTING, INC, et al. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT IMPACT TINT & AUDIO, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) & (3)

NOW COMES Defendant Impact Tint & Audio, LLC ("Impact") by and through its attorneys, Kaplan, Massamillo & Andrews, LLC, and for its Reply Brief in Support of Its Motion to Dismiss Counts III (as it applies to Impact Tint & Audio, LLC), IV and V of Plaintiff Alta Mere Industries, Inc.'s ("Alta Mere") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3), states as follows:

### FACTUAL CORRECTIONS / CLARIFICATIONS

Before addressing Alta Mere's legal arguments, the following issues of fact need to be clarified as a result of the potentially confusing and awkward presentation of the facts in Alta Mere's Response Brief. Even though Impact has never signed any agreements with Alta Mere, including any type of covenant, and Impact never received the letter that Alta Mere sent to Mark Wyatt care of David Carder, Alta Mere inexplicably seeks to impose its forum and choice of law agreements with the Carders as against Impact. As discussed below, the Carders' franchise agreements do not bind Impact, an unrelated third party to the agreement.

## A. Impact Never Signed Any Agreements With Alta Mere

As indicated by the case caption and in the allegations in Complaint, Alta Mere asserts causes of action against defendants DBC Window Tinting, Inc., Alta Mere Window Tinting & Alarms of Tyler, David G. Carder and Beverly M. Carder in addition to Impact. *See generally*, Compl. To date none of these other defendants has answered the Complaint. However, the true gravamen of the Complaint arises from the actions of Alta Mere franchisees, David G. Carder and Beverly M. Carder, who allegedly breached their franchise agreement with Alta Mere. *Id.* Based solely on the allegations in the Complaint, it appears that the Carders have had some contacts with the State of Illinois, and that the franchise agreement signed by Alta Mere and the Carders contained a choice of forum clause favoring Illinois. *Id.*

However, as stated in its original motion to dismiss, Impact and its manager, Dee Wyatt, never signed any agreements with Alta Mere and never had any contacts with Illinois. *See* Affidavit of Dee Wyatt, attached to Impact's original motion as Exhibit B. The Complaint implicitly confirms this fact, because the Complaint does not allege that any written agreement exists between Alta Mere and Impact, and the Complaint fails to allege any action taken by Impact in, or aimed at, Illinois.

Accordingly, in an apparent attempt to bridge the gap between its case against the Carder defendants and its case against Impact, Alta Mere ignores the distinction between Impact and the other defendants. For example, on page 2 of its Response Brief, Alta Mere asserts that "[i]t would be patently inappropriate to not honor the choice of forum and venue in the Agreements made by the *other parties* at the onset of the business relationship" (emphasis added). Again, on that same page, Alta Mere posits that "[v]enue

is proper due to the *Other Defendants'* stipulation to the jurisdiction of Illinois federal courts . . ." (emphasis added). These arguments do not make sense, do not have support in law, and must be rejected.

**B. Impact Never Entered any "Covenants" with Alta Mere**

On page 3 of its Response Brief, Alta Mere argues that Dee Wyatt and Impact entered a "covenant" not to operate a window tinting business in Tyler. This assertion is not true, and Alta Mere has failed to support its contention with any evidence of any agreement. Additionally, Dee Wyatt and Impact explicitly deny signing any agreements with Alta Mere. *See* Exhibit B, attached to Impact's Motion. In fact, Impact has no relationship whatsoever with Alta Mere. *Id.*

**C. Impact Never Received the Letter Alta Mere Sent to the Carders**

Alta Mere argues that it put Impact on notice of its arguments with regard to the Carder franchise prior to Impact's purchase of the assets in November 2009. *See* Exhibit A, attached to Impact's Motion. Alta Mere also refers to this letter as a "covenant." However, a review of the letter in question shows that the letter was sent to Mark Wyatt *care of* David Carder, Alta Mere's franchisee at the time the letter was written. The address on the letter was David Carder's address, not Mark Wyatt's address. *See* Declarations of Dee and Mark Wyatt, attached as Exhibits E and F. Dee and Mark Wyatt never received the letter from David Carder. *Id.* Impact's assertion that it is a third party to the agreement between Alta Mere and the Carders is neither "disingenuous" nor "spurious," and is in fact true. Impact asks this Court to find the same.

## LEGAL ARGUMENTS

In its Response Brief, Alta Mere argues that Impact tortiously interfered with the contract between Alta Mere and the Carders. However, Alta Mere's Complaint has alleged no such cause of action. Furthermore, even if Alta Mere did allege that cause of action, the cause of action does not give rise to personal jurisdiction in Illinois.

### A. Alta Mere Does Not Assert That Impact Tortiously Interfered With a Contract

Although Alta Mere spends considerable space in its Response Brief arguing that when a plaintiff asserts a tortious interference with a contract cause of action against a nonresident defendant, the federal court can find personal jurisdiction in Illinois based on economic injury alone, Alta Mere's pleadings moot the issue. *See generally* Compl. Alta Mere does not assert any cause of action against Impact based on tortious interference with a contract. Based on this reason alone, Impact's motion should be granted.

### B. The Illinois Long-Arm Statute Requires Actions Directed at Illinois

Contrary to Alta Mere's arguments, the Illinois Long-Arm Statute (735 ILCS 5/2-209) requires that as a requisite for exercising long-arm jurisdiction over a nonresident defendant, the plaintiff must show that the defendant directed its conduct at the State of Illinois. *See United States Gypsum Co. v. LaFarge*, 508 F. Supp. 2d 601, 644-45 (N.D. Ill. 2007). This Court has personal jurisdiction over Impact if an Illinois court would have personal jurisdiction over Impact. *Clearclad Coatings, Inc. v. Xontal*, No. 98 C 7199, 1999 WL 652030, *15 (N.D. Ill. 1999)(attached as Exhibit G), *citing RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Because the Illinois Long-Arm Statute authorizes jurisdiction coextensive with any basis permitted by the Illinois and federal Constitutions, the determination boils down to two questions: one state and one

federal. *Id.* Accordingly, if the exercise of personal jurisdiction is improper under either the Illinois Constitution or the United States Constitution, the court cannot exercise personal jurisdiction. *Id., citing Brandon Apparel Group, Inc. v. Quitman Mfg. Co.,* 42 F. Supp. 2d 821, 828 (N.D. Ill. 1999).

With regard to the Illinois Constitution, "the Illinois Supreme Court has made clear that the Illinois due process guarantee is not necessarily co-extensive with federal due process protections." *Id.* at *16, *citing RAR* at 1276. To this end, Illinois declines to exercise jurisdiction over a defendant if that defendant's connection to Illinois is "random, fortuitous, or attenuated." *Id.* Accordingly, the Illinois Constitution requires that a plaintiff show more than just economic harm in the State of Illinois to sustain personal jurisdiction; it must show both economic harm and that the defendant intentionally directed its conduct at the State of Illinois. *United States Gypsum* 508 F. Supp. 2d at 644-45; *see also West Va. Laborers' Pension Trust Fund v. Caspersen,* 357 Ill. App. 3d 673, 678 (1st Dist. 2005) ("[W]here the injury is economic rather than physical or emotional, the plaintiff needs to show more than the 'harm was felt' in Illinois . . . [t]he plaintiff must show 'an intent to affect an Illinois interest" (citations omitted)). As these cases were published after the unpublished *Cleary v. Sterenbuch* decision argued by Alta Mere in its response brief, *United States Gypsum* and *Caspersen* represent the controlling law on this issue.

Alta Mere makes no showing of an intent to affect an Illinois interest because the facts and the Complaint to do not support any such showing. As indicated by the Complaint and Alta Mere's Response Brief, all of Impact's alleged actions took place in Texas and involved Texas assets and entities. All of the named defendants in this suit are

5

Texas residents. Compl. at ¶¶ 2-5. David and Beverly Carder are Texas residents. *Id.* Dee Wyatt is a Texas resident. Exhibit B at ¶ 3. The store location that is the subject of the Complaint is in Tyler, Texas. Compl. at ¶ 16. The phone numbers involved are Tyler, Texas phone numbers. Compl. at ¶ 17. Every action allegedly taken by Impact as set forth in the Complaint took place in Tyler, Texas. *See generally*, Compl.

### C. Texas is the Proper Venue for this Case

Impact maintains that this Court lacks personal jurisdiction for the reasons cited above, and, as such, an analysis of venue need not take place. However, assuming *arguendo* the Court were to find personal jurisdiction over Impact, a proposition Impact denies, then the case should still be dismissed because Illinois is not a proper venue.

Although Alta Mere attempts to brow beat this Court into ignoring the venue analysis in *Moran Industries, Inc. v. Higdon*, it offers no legal arguments to discredit that decision. *See Higdon*, No. 07 C 6092, 2008 WL 4874114 (N.D. Ill., June 26, 2008) (Attached as Exhibit C to Impact's Motion to Dismiss). As an unpublished opinion *Moran* does not bind this Court. However, because of the many similarities between *Moran* and this case, the Court may look to the analysis performed by Judge Guzman in *Moran* as instructive with regard to the analysis in this case.

Alta Mere offers contradictory arguments as to the reasoning in *Moran*. In section A of its Response Brief, it decries the *Moran* decision because it allegedly invalidates the parties' forum selection. Resp. Brief at p. 10. However, in the very next paragraph, Alta Mere reveals that, in fact, Alta Mere actually has no forum selection agreement with Impact and therefore asks the Court to ignore the reasoning in *Moran* for that reason too. *Id.* at 11.

The *Moran* decision discussed law beyond the law of waiver and forum selection. As evidenced in the *Moran* opinion, after the district court determined that the franchise agreement's forum selection did not constitute waiver of personal jurisdiction, it went on to subsequently analyze Illinois law to determine that venue was not proper in Illinois. This determination has important bearing on Impact's motion because of the close factually similarity between the cases. *See Moran* at *2-3. Accordingly, even though the analysis of the forum selection clause does not apply to this case because Impact did not enter into any agreement with Alta Mere, the *Moran* analysis is still instructive as to the venue analysis.

## CONCLUSION

This Court lacks personal jurisdiction over Impact because Impact has not engaged in sufficient minimum contacts (or *any* contacts) in Illinois or directed at Illinois. Furthermore, the Northern District of Illinois is not the proper venue for Alta Mere's claims against Impact.

WHEREFORE, Defendant Impact Tint & Audio, LLC respectfully requests that this Court grant its Motion to Dismiss, and for such further relief as this Court deems just and appropriate.

Dated: March 5, 2010

Respectfully submitted,

KAPLAN, MASSAMILLO & ANDREWS, LLC

Robert A. Braun (ARDC #6257875)

Telly Andrews
Robert A. Braun
KAPLAN, MASSAMILLO & ANDREWS, LLC
120 North LaSalle Street, 24th Floor
Chicago, Illinois 60602
Telephone: (312) 345-3000
Facsimile: (312) 345-3119

ATTORNEYS FOR DEFENDANT
IMPACT TINT & AUDIO, LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTA MERE INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) Case No. 10 CV 266 |
| | ) |
| v. | ) Judge John W. Darrah |
| | ) |
| DBC WINDOW TINTING, INC, et al. | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of March, 2010, a true and complete copy of Defendant Impact Tint & Audio, LLC's Reply Brief in Support of its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(2) & (3) was filed Via ECF (Electronic Case Filing) with the United States District Court, Northern District of Illinois, Eastern Division and served by the court's ECF system and via United States Mail to the following attorney:

Shamus Ryan, Esq.
Attorney at Law
12314 S. 86th Avenue
Palos Park, Illinois 60464


                                               /s/ Robert A. Braun



Telly Andrews
Robert A. Braun
KAPLAN, MASSAMILLO & ANDREWS, LLC
120 N. LaSalle Street
Chicago, Illinois 60602
Telephone: (312) 345-3088
Facsimile: (312) 345-3119