UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALTA MERE INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 266 |
| | ) | |
| DBC WINDOW TINTING, INC., | ) | Judge John W. Darrah |
| ALTA MERE WINDOW TINTING & | ) | |
| ALARMS OF TYLER, DAVID G. | ) | |
| CARDER, BEVERLY M. CARDER, | ) | |
| and IMPACT TINT & AUDIO, LLC | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF ALTA MERE INDUSTRIES, INC.'S
REPLY BRIEF TO DEFENDANT IMPACT TINT & AUDIO, LLC'S
REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) & (3)

Plaintiff Alta Mere Industries, Inc. ("Alta Mere") respectfully requests that this Court deny Impact Tint & Audio, LLC's ("Impact") motion to dismiss. In support thereof and in reply to Impact's Reply Brief in Support of Its Motion to Dismiss Pursuant to FRCP 12(B)(2) & (3) (Doc. 16), Alta Mere states as follows:

CONTRADICTORY POSITIONS AND CORRECTIONS

A. A Contractual Relationship or Lack Thereof.

Impact has predicated its entire Motion to Dismiss on the questionable precedent set by *Moran Industries, Inc. v. Higdon*, No. 07 C 6092, 2008 WL 4874114 (N.D. Ill., June 26, 2008) (Doc. 10). *Higdon* is most notable for ignoring the longstanding precedent that contractual provisions regarding the parties' choice of venue and forum are

not enforceable even though they are a clear expression of the parties' desire at the time of contract formation. Setting aside the question of whether *Higdon* represents good law, in its Reply Brief, Impact devotes three long paragraphs to denying any contractual relationship between Alta Mere and Impact (Doc. 16, pp. 2 and 3). This lack of a contractual relationship is not contested by Alta Mere, but it completely distinguishes the circumstances underlying *Higdon* from the circumstances of the case at hand. Impact cannot logically rely on a precedent set by a case relating to the interpretation of a contract while simultaneously denying that any contractual relationship exists; Impact can't have it both ways. Accepting Impact's contention that no contractual relationship exists, then the Court should rely on its own precedent to decide whether or not the Court has personal jurisdiction over Impact and whether or not venue is proper.

As to personal jurisdiction, the Court has previously noted that "[t]he Seventh Circuit interprets the effects doctrine broadly to permit the state in which the victim of a tort suffers injury to entertain the suit, even if all other relevant conduct occurred outside the state." See *Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*, No. 04 C 7624, 2005 U.S. Dist. LEXIS 6242 (74 U.S.P.Q.2D (BNA) 1627, February 16, 2005) at *8 (Exhibit A). As further described below, in a remarkable factual similarity to the case at hand, PTP (the defendant in *Brunswick*) committed acts of tortious interference against the plaintiff after receiving warning correspondence from the plaintiff's attorneys. "PTP has sufficient minimum contacts with Illinois to satisfy personal jurisdiction requirements. Brunswick alleges PTP's tortious actions, including infringement, misrepresentation and interference with business relationships and expectancy, resulted in injury felt by Brunswick in Illinois. Further, Brunswick contends PTP's tortious

activities continued after it received a cease and desist letter from Brunswick's attorneys...PTP was presumably aware that Brunswick's principal place of business is in Illinois and that the injury would be felt most severely in Illinois...Under these circumstances, it was foreseeable that PTP would be required to answer for its actions in Illinois." *Brunswick* at *9-10. Alta Mere is an Illinois corporation that sent Impact correspondence warning of the consequences of tortious interference as described below, and (like PTP) Impact should have found it foreseeable that Impact would be required to answer for its actions in Illinois. *Brunswick*'s precedent establishes that this Court has personal jurisdiction over Impact.

As to venue, 28 U.S.C. § 1391(c) states that, for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." As it has been established above that Impact is subject to the Court's personal jurisdiction and Impact itself admits that it is a limited liability company (Doc. 10 at p. 2), venue is therefore proper.

**B.     Correspondence Received by Impact.**

In its Reply Brief, Impact goes to great lengths to deny that Impact ever received Alta Mere's September 13, 2007, letter notifying Impact of Alta Mere's interest in the assets of the business (Doc. 10, p. 3, Exhibit E and Exhibit F). Upon further review of its voluminous files relating to this particular franchise, Alta Mere has discovered correspondence that is immediately material to the issue at hand. On March 2, 2010, Alta Mere's General Counsel discovered a July 3, 2007, letter from FisherZucker (Alta Mere's outside counsel) to Mark Wyatt at Wyatt's home in Tyler, Texas (Exhibit B). In order to avoid any appearance of impropriety, Alta Mere's General Counsel immediately

telephoned Impact's counsel and informed him of the existence of this correspondence; Alta Mere's General Counsel then sent a copy of the correspondence to Impact's counsel via e-mail (Exhibit C). Despite notification of the correspondence's existence (or perhaps because of it), Impact filed its Reply Brief with a clear emphasis on Impact's supposed ignorance of Alta Mere's interest in the business while parsing its language very carefully to avoid ever actually disavowing knowledge of Alta Mere's interest in the assets of the business or of Alta Mere's intention to pursue legal action against Impact if Impact engaged in tortious interference with Alta Mere's franchise business relationship. By asserting that its ignorance of Alta Mere's interest and intentions is a defense to this Court's personal jurisdiction and venue, Impact tacitly admits that knowledge of Alta Mere's interest and intentions validates this Court's personal jurisdiction and venue. By using ever-so-carefully worded declarations in its Reply Brief, it is obvious that Impact is attempting to mislead the Court into believing that Impact was unaware of Alta Mere's interest and intentions, and that is patently not the case. Impact is simply trying to be too clever by half and should not be rewarded for its misrepresentations and half-truths.

## CONCLUSION

For the foregoing reasons, Alta Mere respectfully requests an order denying the motion to dismiss filed by defendant Impact Tint & Audio, LLC.

**Dated: April 5, 2010.**            **MORAN INDUSTRIES, INC.**
                                                    **d/b/a ALTA MERE INDUSTRIES, INC.**

                                                    By: */s/ Seamus M. Ryan*
                                                         Seamus M. Ryan, General Counsel
                                                         Moran Industries, Inc.
                                                         4444 West 147th Street
                                                         Midlothian, Illinois 60445
                                                         Telephone: (708) 297-2245
                                                         Facsimile: (708) 389-5948

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2010, a true and complete copy of Plaintiff Alta Mere Industries, Inc.'s Reply Brief to Defendant Impact Tint & Audio, LLC's Reply Brief in Support of Its Motion to Dismiss Pursuant to FRCP 12(B)(2) & (3) was filed via ECF (Electronic Case Filing) with the United States District Court, Northern District of Illinois, Eastern Division and served by the Court's ECF system to the following attorneys:

Telly Andrews
Robert A. Braun
Kaplan, Massamillo & Andrews, LLC
120 North LaSalle Street
Chicago, Illinois 60602


/s/ Seamus M. Ryan

Seamus M. Ryan
General Counsel
Moran Industries, Inc.
4444 West 147th Street
Midlothian, Illinois 60445
Telephone: (708) 297-2245
Facsimile: (708) 389-5948

Page 1

 

1 of 1 DOCUMENT

Positive
As of: Mar 24, 2010

BRUNSWICK BOWLING & BILLIARDS CORP., Plaintiff, v. POOL TABLES PLUS, INC., Defendant.

No. 04 C 7624

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2005 U.S. Dist. LEXIS 6242; 74 U.S.P.Q.2D (BNA) 1627

February 16, 2005, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff distributor brought an action against defendant competitor under the Lanham Act, *15 U.S.C.S. § 1051 et seq.*, and North Carolina state law for unfair competition and trade practices, trademark infringement and dilution, and intentional business tort claims. The competitor filed a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(2)* for lack of personal jurisdiction and improper venue or, alternatively, a motion to transfer.

**OVERVIEW:** The competitor claimed that personal jurisdiction was improper because it was completely devoid of Illinois contacts. The court found that the competitor's limited internet activities did not target out-of-state residents and were insufficient to establish minimum contacts. However, under the effects doctrine, personal jurisdiction was established where the distributor alleged that competitor's tortious actions resulted in injury felt by the distributor in the forum state and that it was foreseeable that the competitor would be required to answer for its actions in the forum state as it was the distributor's principal place of business. Nevertheless, the court dismissed the complaint after finding that the distributor failed to establish that venue was proper in the forum state where its unsupported assertion that venue under *28 U.S.C.S. § 1391(b)(2)* was proper had to be rejected. Because the competitor was not proven to be a corporation, venue could not be established under § *1391(c)*. Even if the distributor were able to meet the burden to establish venue, transfer under *28 U.S.C.S. § 1404(a)* was warranted because North Carolina was clearly shown to be a more convenient venue.

**OUTCOME:** The court denied the competitor's motion to dismiss for lack of personal jurisdiction and granted its motion to dismiss for lack of venue. The court found the motion to transfer venue moot and dismissed the distributor's case without prejudice.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Dismiss*
*Evidence > Procedural Considerations > Burdens of Proof > General Overview*
[HN1] In deciding a *Fed. R. Civ. P. 12(b)(2)* motion to dismiss, a plaintiff bears the burden of demonstrating the existence of personal jurisdiction. The court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. Any conflict

EXHIBIT A

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 8 of 16 PageID #:206

Page 2

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

presented by affidavit must be resolved in the plaintiff's favor. Defendant's unrefuted facts are accepted as true.

*Civil Procedure > Jurisdiction > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
*Governments > Courts > Court Personnel*
[HN2] A federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction over the defendant. An Illinois court has personnel jurisdiction only where permitted by state statutory law, and state and federal constitutional law. Illinois' long-arm statute extends personal jurisdiction to the limit allowed under the Illinois and federal constitutions. Courts typically consider the reach of Illinois due process by looking to federal constitutional limits on jurisdiction. A defendant must have certain minimum contacts with the forum state such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice. Jurisdiction may be general or specific.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
[HN3] To establish specific jurisdiction, a plaintiff must demonstrate that a nonresident purposefully established minimum contacts in the forum state and should reasonably anticipate being haled into court in that state.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
*Computer & Internet Law > Civil Actions > Jurisdiction > Constitutional Requirements*
*Computer & Internet Law > Internet Business > General Overview*
[HN4] Under the sliding scale test for determining whether personal jurisdiction exists, the court evaluates the existence of minimum contacts by weighing the nature and quantity of a nonresident defendant's activities. Three categories of internet activity have developed: (1) "active," when a defendant clearly conducts business with foreign jurisdictions over the internet through its website; (2) "interactive," when a defendant and potential customers in foreign jurisdictions may communicate regarding defendant's goods and services; and (3) "passive," when a defendant posts information on the website but does not maintain further communication with potential customers through the internet.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Computer & Internet Law > Civil Actions > Jurisdiction > Constitutional Requirements*
*Computer & Internet Law > Internet Business > General Overview*
[HN5] The United States Court of Appeals for the Seventh Circuit has recently confirmed that passive websites do not give rise to personal jurisdiction over a nonresident defendant. When websites are interactive but do not conduct business, a court must examine the level of interactivity and commercial nature of the exchange of information that occurs on the website.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Computer & Internet Law > Civil Actions > Jurisdiction > Constitutional Requirements*
[HN6] Websites merely providing information about a company and its products, including e-mail links to contact the company, do not give rise to personal jurisdiction.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Torts > Business Torts > Commercial Interference > Prospective Advantage > General Overview*
*Torts > Procedure > Commencement & Prosecution > Personal Jurisdiction*
[HN7] Under the "effects doctrine," personal jurisdiction over a nonresident defendant is proper when a defendant's intentional tortious actions aimed at the forum state cause harm to the plaintiff in the forum state, and the defendant knows such harm is likely to be suffered. The United States Court of Appeals for the Seventh Circuit interprets the effects doctrine broadly to permit the state in which the victim of a tort suffers injury to entertain the suit, even if all other relevant conduct occurred outside the state. Under the effects doctrine, courts have exercised personal jurisdiction over a defendant who commits a tort against an Illinois business when the injury is felt in Illinois.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Dismiss*
*Evidence > Procedural Considerations > Burdens of Proof > General Overview*

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 9 of 16 PageID #:207

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

Page 3

[HN8] In resolving a motion to dismiss for improper venue, a plaintiff bears the burden of establishing that venue is proper. Any factual conflicts must be resolved in the plaintiff's favor.

*Civil Procedure > Venue > Multiparty Litigation*
[HN9] When jurisdiction is not founded solely on diversity of citizenship, an action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated. *28 U.S.C.S. § 1391(b)(2).*

*Civil Procedure > Venue > Corporations*
[HN10] *28 U.S.C.S. § 1391(c)* states, for purposes of venue, that a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

*Civil Procedure > Venue > Federal Venue Transfers > Improper Venue Transfers*
*Civil Procedure > Dismissals > Involuntary Dismissals > General Overview*
[HN11] When venue is improper in the district where the claim is filed, a federal district court may dismiss the action.

*Civil Procedure > Venue > Motions to Transfer > Convenience of Parties*
*Civil Procedure > Venue > Motions to Transfer > Interests of Justice*
*Civil Procedure > Judicial Officers > Judges > Discretion*
[HN12] A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. *28 U.S.C.S. § 1404(a).* The task of weighing factors for and against transfer involves a large degree of subtlety and latitude and it is a decision within the discretion of the trial judge. Under *§ 1404(a),* the movant has the burden of establishing that the suit should be transferred and must prove that the balance of interests weighs strongly in favor of proceeding in the proposed transferee district. To prevail on a motion to transfer under *§ 1404(a),* a movant must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Civil Procedure > Venue > Forum Non Conveniens*
*Civil Procedure > Venue > Motions to Transfer > Choice of Forum*
[HN13] In determining the convenience of the parties and witnesses, a court considers: (1) a plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN14] A plaintiff's choice of forum is generally given substantial weight under *28 U.S.C.S. § 1404(a),* particularly when it is plaintiff's home forum. Plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Trademark Law > Conveyances > General Overview*
*Trademark Law > Infringement Actions > General Overview*
[HN15] Trademark infringement claims focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the infringer's place of business is often the critical and controlling consideration in deciding a motion to transfer.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN16] For purposes of determining a motion to transfer, it is presumed that a party's employees will appear as witnesses voluntarily.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN17] In determining a motion to transfer, a court considers the parties' respective residences and their ability to bear the costs of litigating in a particular forum.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 10 of 16 PageID #:208

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

Page 4

[HN18] A court must consider whether transfer is in the interests of justice. This analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. One factor the court considers is the public interest in having a case resolved in a particular forum.

**COUNSEL:** [*1] For - Brunswick Billiards Corporation, Plaintiff: David A. Rammelt, Kenn Brotman, Matthew C. Luzadder, Kelley Drye & Warren LLP, Chicago, IL.

For Pool Tables Plus Inc, Defendant: Floyd A. Mandell, Katten Muchin Zavis Rosenman, Chicago, Il; John Scott Evans, Matthew J. Ladenheim, Adams Evans P.A., Charlotte, NC; Julie P Setren, Katten Muchin Zavis Rosenman, Chicago, Il.

**JUDGES:** Suzanne B. Conlon, Judge.

**OPINION BY:** Suzanne B. Conlon

**OPINION**

### MEMORANDUM OPINION AND ORDER

Brunswick Bowling & Billiards Corp. ("Brunswick") and Pool Tables Plus, Inc. ("PTP") distribute and sell billiards tables. Brunswick, a Delaware corporation with its principal place of business in Lake Forest, Illinois, claims PTP misprepresents to customers that it is an authorized Brunswick table dealer and that Brunswick tables are inferior to those of competitors. Brunswick sues PTP under the Lanham Act, *15 U.S.C. § 1051 et seq.* and North Carolina state law for unfair competition and trade practices, trademark infringement and dilution, and intentional interference with business relations and prospective economic advantage. PTP moves to dismiss the complaint for lack of personal jurisdiction [*2] and improper venue. Alternatively, PTP moves to transfer venue to the United States District Court for the Western District of North Carolina.

### DISCUSSION

**I. Personal Jurisdiction**

[HN1] In deciding a *Rule 12(b)(2)* motion to dismiss, Brunswick bears the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549-50 (7th Cir. 2004); RAR, Inc. v. Turner Diesel, 107 F.3d 1272, 1276 (7th Cir. 1997); ABN Amro Sage Corp. v. Cohen, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15380, [WL at *1 (N.D. Ill. Sept. 3, 2003).* The court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *ABN, 2003 U.S. Dist. LEXIS 15380 [WL at *1.* Any conflict presented by affidavit must be resolved in Brunswick's favor. *Id.* PTP's unrefuted facts are accepted as true. *Id.*

PTP contends personal jurisdiction is inappropriate because it is completely devoid of Illinois contacts. According to an affidavit filed by Cindy Kempisty, who attests she is PTP's sole proprietor, PTP: (1) does not have any retail outlets, offices, production or distribution [*3] facilities, telephone listings, dealers, agents, employees, bank accounts, property or assets in Illinois; (2) is not registered to do business in Illinois and has not made any sales in Illinois; and (3) does not advertise in Illinois or maintain an internet website.

[HN2] A federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction over the defendant. *See RAR, Inc., 107 F.3d at 1275.* An Illinois court has personnel jurisdiction only where permitted by state statutory law, and state and federal constitutional law. *Id. at 1276.* Illinois' long-arm statute extends personal jurisdiction to the limit allowed under the Illinois and federal constitutions. *Id.* Courts typically consider the reach of Illinois due process by looking to federal constitutional limits on jurisdiction. *Id. at 1276-77; see also Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2002).* A defendant must have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice. [*4] '" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)* (citation omitted). Jurisdiction may be general or specific. *RAR, Inc., 107 F.3d at 1277.* Brunswick contends specific jurisdiction exists.

[HN3] To establish specific jurisdiction, Brunswick must demonstrate PTP "purposefully established minimum contacts" in Illinois and should "reasonably anticipate being haled into court" in Illinois. *See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).* These contacts may not be fortuitous or attenuated. *See Jamison v. UGN, Inc., No. 03 C 6422, 2003 U.S. Dist. LEXIS 20688, [WL] at*4 (N.D. Ill. Nov. 13, 2003).* This requirement is satisfied if PTP purposefully directed its activities at Illinois and the litigation arises from injuries caused by those activities. *Burger King Corp., 471 U.S. at 474.*

Brunswick identifies two websites that may be connected with PTP. Brunswick contends the websites list PTP's address and phone number, solicit sales and, coupled with [*5] injury to Brunswick in Illinois on account

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 11 of 16 PageID #:209

Page 5

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

of PTP's tortious actions, sufficiently give rise to personal jurisdiction. Specifically, Brunswick contends PTP established minimum contacts under: (1) the sliding scale analysis applied to trademark infringement cases involving internet activities; and (2) the effects doctrine, based on injuries to Brunswick's intellectual property located in Illinois from PTP's tortious activities.

### A. Sliding Scale Test for Internet Activities

PTP's ownership and maintenance of an internet website is a disputed fact. Therefore, the court must accept Brunswick's version as true. *See ABN, 2003 U.S. Dist. LEXIS 15380 [WL at \*1.* [HN4] Under the sliding scale test, the court evaluates the existence of minimum contacts by weighing the nature and quantity of PTP's activities. *See Watchworks, Inc. v. Total Time, Inc.,* No. 01 C 5711, 2002 U.S. Dist. LEXIS 4491, [WL] at \*16 (N.D. Ill. Mar. 19, 2002). Three categories of internet activity have developed: (1) "active," when a defendant clearly conducts business with foreign jurisdictions over the internet through its website; (2) "interactive," when a defendant and potential customers in foreign [*6] jurisdictions may communicate regarding defendant's goods and services; and (3) "passive," when a defendant posts information on the website but does not maintain further communication with potential customers through the internet. *Id.; see also Donmar, Inc. v. Swanky Partners Inc.* No. 02 C 1482, 2002 U.S. Dist. LEXIS 15308, [WL] at \*9 (N.D. Ill. Aug. 19, 2002).

[HN5] The Seventh Circuit recently confirmed that passive websites do not give rise to personal jurisdiction over a non-resident defendant. *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 549-50 (7th Cir. 2004); *see also Edelson v. Ch'ien,* 352 F. Supp. 2d 861, 2005 U.S. Dist. LEXIS 421, [WL] at \*18 (N.D. Ill. 2005); *Watchworks,* 2002 U.S. Dist. LEXIS 4491 [WL] at \*16; *Donmar,* 2002 U.S. Dist. LEXIS 15308 [WL] at \*10. When websites are interactive but do not conduct business, "a court must examine the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Donmar,* 2002 U.S. Dist. LEXIS 15308 [WL] at \*10. It is clear, upon review of Brunswick's evidence and the two websites, that the websites are passive or minimally [*7] interactive. The first website, reached through www.superpages.com, reflects a business profile for "Pool Tables Plus" and includes a North Carolina address, map information, a telephone number and payment options. It does not permit orders or interaction over the website. The second website, www.pooltablesflorida.com, lists Florida location information only and, while permitting e-mail interaction through a "contact us" link, does not permit orders over the internet. Notably, Brunswick has not established that PTP's websites enable users to perform business transactions.[1] *See Edelson v. Ch'ien,* 352 F. Supp. 2d 861, 2005 U.S. Dist. LEXIS 421 [WL] at \*18.

1 Brunswick contends PTP's website permits customers to log on, "presumably to conduct business," but that it was unable to progress past the log on page. Resp. at 7. Brunswick presents no evidence, affidavit or otherwise, to support this claim. The two website page attachments to the response do not reflect a log on page. While Exhibit 2 to the complaint depicts a log on page for Beach Manufacturing at www.beachmfg.com, there is no identification of Beach Manufacturing or explanation of its relation to PTP.

[*8] PTP's limited internet activities, which clearly do not target out-of-state residents, let alone Illinois residents, are insufficient to establish minimum contacts in the absence of non-internet activities directed at Illinois. *See Donmar,* 2002 U.S. Dist. LEXIS 15308 [WL] at \*10-11; *Watchworks,* 2002 U.S. Dist. LEXIS 4491 [WL] at \*17-19; *Transcraft Corp. v. Doonan Trailer Corp.,* No. 97 C 4943, 1997 U.S. Dist. LEXIS 18687, [WL] at \*24-28 (N.D. Ill. Nov. 12, 1997). [HN6] Websites merely providing information about a company and its products, including e-mail links to contact the company, do not give rise to personal jurisdiction. *Id.*

### B. Effects Doctrine

[HN7] "Under the 'effects doctrine,' personal jurisdiction over a nonresident defendant is proper when defendant's intentional tortious actions aimed at the forum state cause harm to the plaintiff in the forum state, and the defendant knows such harm is likely to be suffered." *Riddell, Inc. v. Impact Protective Equip., L.L.C.,* 2003 U.S. Dist. LEXIS 13053, No. 03 C 3309, 2003 WL 21799935, \*3 (N.D. Ill. July 25, 2003); *see also Watchworks,* 2002 U.S. Dist. LEXIS 4491 [WL] at \*16. The Seventh Circuit interprets [*9] the effects doctrine broadly to permit the state in which the victim of a tort suffers injury to entertain the suit, even if all other relevant conduct occurred outside the state. *See Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1202-03 (7th Cir. 1997) (applying effects doctrine to tortious interference with prospective economic advantage claim and holding "the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders"). "Under the effects doctrine, courts have exercised personal jurisdiction over a defendant who commits a tort against an Illinois business when the injury is felt in Illinois." *See Int'l Molding Machine Co. v. St. Louis Conveyor Co.,* 2002 U.S. Dist. LEXIS 14790, No. 01 C 8305, 2002 WL 1838130, \*4 (N.D. Ill. Aug. 12, 2002) (citations omitted);

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 12 of 16 PageID #:210

Page 6

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

*see also Riddell, 2003 U.S. Dist. LEXIS 13053, 2003 WL 21799935 at *3.*

PTP has sufficient minimum contacts with Illinois to satisfy personal jurisdiction requirements. Brunswick alleges PTP's tortious actions, including infringement, misrepresentation and interference with business relationships and expectancy, resulted in injury felt by [*10] Brunswick in Illinois. Further, Brunswick contends PTP's tortious activities continued after it received a cease and desist letter from Brunswick's attorneys. Compl. at P 22. PTP was presumably aware that Brunswick's principal place of business is in Illinois and that the injury would be felt most severely in Illinois. *See Riddell, 2003 U.S. Dist. LEXIS 13053, 2003 WL 21799935 at *3.* Under these circumstances, it was foreseeable that PTP would be required to answer for its actions in Illinois. *Id.; see also Int'l Molding, 2002 U.S. Dist. LEXIS 14790, 2002 WL 1838130 at *4-5.*

Exercising personal jurisdiction over PTP does not offend traditional notions of fair play and substantial justice. The most important factors relevant to this inquiry are the interests of the states involved and the relative convenience of litigating in each state. *See Riddell, 2003 U.S. Dist. LEXIS 13053, 2003 WL 21799935 at *4.* Illinois has an interest in adjudicating the case because Brunswick is an Illinois company and PTP's alleged tortious activity caused injury in Illinois. *See Int'l Molding, 2002 U.S. Dist. LEXIS 14790, 2002 WL 1838130 at *5.* Nor is it unduly burdensome for PTP to litigate in Illinois. While it would be more convenient for PTP to defend [*11] in North Carolina, travel to Illinois is not so oppressive as to offend traditional notions of justice. *Id., citing Euromarket Designs, Inc. v. Crate & Barrel, Ltd., 96 F. Supp. 2d 824, 840 (N.D. Ill. 2000)* (modern advances in transportation and communication make it more reasonable to litigate in a foreign forum). For the foregoing reasons, the motion to dismiss for lack of personal jurisdiction must be denied.

## II. Venue

[HN8] In resolving a motion to dismiss for improper venue, Brunswick bears the burden of establishing that venue is proper. *ABN Amro Sage Corp. v. Cohen, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15380, [WL at *13 (N.D. Ill. Sept. 3, 2003).* Any factual conflicts must be resolved in Brunswick's favor. *Id.*

Brunswick contends venue is appropriate under *28 U.S.C. § 1391(b)(2).* [HN9] When, as here, jurisdiction is not founded solely on diversity of citizenship, an action may be brought in "a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated." *28 U.S.C. § 1391(b)(2).* In [*12] fact, Brunswick does not seriously advance its contention that venue is appropriate under *§ 1391(b)(2).* Resp. at 12. Brunswick does not allege a substantial part of the events giving rise to the claim occurred in Illinois. *Id.* Nor does it allege a substantial part of the property that is the subject of the action is situated here. *Id.* Brunswick's bald and unsupported assertion that venue under *§1391(b)(2)* is appropriate because this court has personal jurisdiction over PTP must be rejected.

Brunswick also contends venue is appropriate under *28 U.S.C. § 1391(c).* [HN10] Section *1391(c)* states, for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." PTP asserts it is not a corporation; Kempisty attests she is the "sole proprietor of Game Rooms to Go d/b/a Pool Tables Plus." Mot. Ex. B. Brunswick has failed to produce probative evidence to refute this assertion. Brunswick provides information from the Florida Department of State that allegedly indicates Pool Tables Plus and Game Rooms to Go "[are] now, or [were] at one [*13] time" registered Florida corporations with Marie Kempisty, Jerome Kempisty and/or Richard Kempisty listed as registered agents. Resp. at 11; Exs. 4-5. Brunswick asserts PTP is not in fact a sole proprietorship given the "striking" similarity between the names. Brunswick concludes "this Court should allow Brunswick to discover the true corporate nature of Game Rooms to Go (d/b/a Pool Tables Plus) . . ." and "discovery is needed to confirm that venue is proper in this district." Resp. at 11-12.

Brunswick fails to meet its burden of refuting Kempisty's affidavit and establishing PTP is a corporation based on the sheer "coincidence" of names. Even if the court were to give weight to this coincidence, which it does not, the evidence fails to reflect PTP was a "corporation . . . subject to personal jurisdiction at the time the action is commenced" under *§ 1391(c).* The Florida state records list the corporation's status as "inactive," its last event as "dissolution," and its last annual report was filed in 2002. This evidence does not establish PTP was a corporation when the 2004 complaint was filed. Brunswick fails to meet its burden of establishing venue under *§ 1391(c).*

Venue is improper [*14] in this district and the case may be dismissed. *28 U.S.C. § 1406(a); ABN Amro, 2003 U.S. Dist. LEXIS 15380 [WL at *13 [HN11]* ("when venue is improper in the district where the claim is filed, a federal district court may dismiss the action"). Brunswick's request to complete additional discovery to establish venue is denied because even if venue were appropriate, this court would exercise its discretion to transfer.

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 13 of 16 PageID #:211

Page 7

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

### III. Transfer of Venue

[HN12] A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. *28 U.S.C. § 1404(a).* "The task of weighing factors for and against transfer 'involves a large degree of subtlety and latitude' and it is a decision within the discretion of the trial judge." *Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co., 2000 U.S. Dist. LEXIS 2693, No. 99 C 3939, 2000 WL 263973, *7 (N.D. Ill. Mar. 6, 2000)* (citations omitted). Under § 1404(a), "the movant. . . has the burden of establishing that the suit should be transferred" and must prove "that the balance of interests weighs strongly in favor of proceeding in the proposed transferee district. [*15] " *Media Communs., Inc. v. Multimedia Sign Up, Inc., No. 99 C 5009, 1999 U.S. Dist. LEXIS 19460, [WL] at *10 (N.D. Ill. Dec. 13, 1999)* (citations omitted). To prevail on a motion to transfer under § 1404(a), a movant must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), quoting TruServ Corp. v. Neff, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998).* The court assumes, for purposes of this analysis only, that venue is appropriate here. PTP submits evidence that Brunswick maintains a dealer location in the Western District of North Carolina, and Brunswick does not argue that venue in that court is inappropriate. Therefore, the court considers the convenience of the parties and witnesses and the interests of justice.

### A. Convenience of the Parties

[HN13] In determining the convenience of the parties and witnesses, the court considers: (1) Brunswick's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and [*16] (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co., 2000 U.S. Dist. LEXIS 686, No. 99 C 7526, 2000 WL 88847, *3 (N.D. Ill. Jan. 20, 2000).* Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co., 2002 U.S. Dist. LEXIS 24329, No. 02 C 6899, 2002 WL 31844949, *1 (N.D. Ill. Dec. 18, 2002).* "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Id.*

[HN14] A plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiff's home forum. *See Pepsico, Inc., 2000 U.S. Dist. LEXIS 2693, 2000 WL 263973 at *8.* Plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute. *Id.; see also Countryman v. Stein, Roe & Farnham, 681 F. Supp. 479, 483 (N.D. Ill. 1987)* (plaintiff's choice of forum given less weight if the cause of action "did not conclusively arise in the chosen forum"). The Western District of North Carolina bears a stronger relationship to the dispute. [*17] None of the alleged events giving rise to the complaint occurred in Chicago, or even Illinois. [HN15] Trademark infringement claims "focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the infringer's place of business is often the critical and controlling consideration" in deciding a motion to transfer. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp., 979 F. Supp. 627, 630 (N.D. Ill. 1997)* (citations omitted). Brunswick's choice of forum is thus given less weight and the site of material events clearly weighs in favor of transfer.

The relative ease of access to sources of proof favors transfer. Brunswick does not develop a specific argument addressing access to sources of proof, although it mentions intellectual property and letters are located in this forum. Documents necessary to present the case can easily be transported to either venue. *Hanley v. Omarc, Inc., 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998).* However, the allegedly tortious activity occurred in North Carolina and the majority of relevant evidence is therefore located outside Illinois.

With respect to witness convenience, the court [*18] looks to the nature and quality of the witnesses' testimony, not just the number of witnesses in each venue. *Confederation Des Brasseries de Belgique, 2000 U.S. Dist. LEXIS 686, 2000 WL 88847 at *4.* Brunswick intends to seek testimony from its employees and officers who currently reside in this forum. Brunswick's current employees are irrelevant to the convenience analysis. *See Avesta Sheffield v. Olympic Continental Resources, L.L.C., 2000 U.S. Dist. LEXIS 1670, No. 99 C 7647, 2000 WL 198462, at *6 (N.D. Ill. Feb. 14, 2000)* [HN16] ("It is presumed that a party's employees will appear as witnesses voluntarily"). The only other witness Brunswick asserts it will call, the private investigator who witnessed PTP's allegedly tortious acts, is located in New Jersey and is not an Illinois resident. In contrast, PTP contends the majority of third-party witnesses it intends to call, including customers, reside in North Carolina. Witness convenience favors transfer to North Carolina.

Consideration of party convenience also favors transfer. [HN17] The court considers the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Avesta Sheffield v. Olympic Continental Resources,* [*19] *L.L.C., 2000 U.S. Dist. LEXIS 1670, No. 99 C 7647, 2000 WL 198462 at *7 (N.D. Ill. Feb. 14, 2000).* Brunwick resides in Illinois, but maintains a dealer location in the Western District of North Carolina. PTP resides in the Western District of

Case: 1:10-cv-00266 Document #: 20 Filed: 04/05/10 Page 14 of 16 PageID #:212

2005 U.S. Dist. LEXIS 6242, *; 74 U.S.P.Q.2D (BNA) 1627

Page 8

North Carolina. While neither party submits evidence regarding the costs of litigating in the respective forums, PTP has provided uncontroverted evidence that it is run by a sole proprietor, presumably with limited resources, while Brunswick is a corporation.

### B. Interests of Justice

[HN18] Finally, the court must consider whether transfer is in the interests of justice. This analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. v. Brightly Galvanized Products, Inc., 911 F. Supp. 344, 346 (N.D. Ill. 1996)*. One factor the court considers is the public interest in having a case resolved in a particular forum. *See Celozzi v. Boot, 2000 U.S. Dist. LEXIS 11768, No. 00 C 3285, 2000 WL 1141568, *8 (N.D. Ill. Aug. 11, 2000)*. This factor slightly favors PTP. While Illinois has an interest in entertaining cases where injury occurs in Illinois, the fact that Brunswick seeks injunctive relief against [*20] a North Carolina company increases North Carolina's interest in resolving the case. *See Celozzi, 2000 U.S. Dist. LEXIS 11768, 2000 WL 1141568 at *8.*

PTP has clearly shown that North Carolina would be a more convenient venue for this litigation. Accordingly, even if Brunswick were to meet its burden of establishing venue in this district, transfer under § *1404(a)* to the Western District of North Carolina would be warranted.

### CONCLUSION

For the foregoing reasons, PTP's motion to dismiss for lack of personal jurisdiction is denied, and its motion to dismiss for lack of venue is granted. The motion to transfer venue is moot.

February 16, 2005

ENTER:

Suzanne B. Conlon

United States District Judge

### JUDGMENT IN A CIVIL CASE

Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed without prejudice.

Date: 2/16/2005



## FisherZucker
BUSINESS LAWYERS

July 3, 2007

**VIA FEDERAL EXPRESS**
Mr. Mark D. Wyatt
15622 Timberline Drive
Tyler, TX 75703-6966

Lane Fisher*

Jeffrey Zucker*

F. Joseph Dunn*

Paul J. Gianci*

David J. Allsman*

Frank A. Reino†

Christopher Anderson*

Janaki Parmar*

William Graefe, Jr.*

J. Samuel Choate Jr.°
Of Counsel

*member PA and NJ bars
*member PA, NJ and WI bars
°member GA, VA and DC bars

Re: **Unauthorized Transfer of Alta Mere Franchise**

Dear Mr. Wyatt:

This firm represents Alta Mere Industries, Inc. ("Alta Mere"). I write in regards to your pending purchase of an Alta Mere Store located at 2505 West Southwest Loop 323, Tyler, Texas (the "Store"). Please be advised that such a sale is a violation of a franchise agreement between DBC Window Tinting, Inc. ("DBC") and Alta Mere.

Since 1996, the Store has operated as an "Alta Mere" franchise pursuant. On March 6, 2000, DBC executed a franchise agreement with Alta Mere (the "Franchise Agreement") pursuant to which it obtained the right and undertook the obligation to operate the Store as an Alta Mere. The Franchise Agreement provides that all transfers of the Store must be approved by Moran. Moreover, under the Franchise Agreement, DBC granted Alta Mere a security interest in all of the assets of the Store.

This proposed sale constitutes a violation of the Franchise Agreement between DBC and Alta Mere. Should you proceed with the sale, your conduct will be actionable as an intentional interference with Alta Mere's contractual rights.

Please be advised that if the proposed sale of the Store occurs, I will recommend to Moran that it file such actions as necessary to protect its rights, including but not limited to an action for an injunction, damages and attorneys' fees. In addition, Alta Mere will seek control of the telephone numbers used in connection with the Store, and assert an interest in any of the assets which are ultimately purchased by you.

Due to the serious nature of this matter, I suggest you give it your immediate attention.

Very truly yours,

**FISHER ZUCKER LLC**

By: _____
Lane Fisher



121 S. Broad Street
Avenue of the Arts
Suite 1200
Philadelphia, PA 19107
P: 215.545.5200
F: 215.545.8313

402 Park Boulevard
Cherry Hill, NJ 08002
P: 856.665.5253
F: 856.488.2108

777 Gloucester Street
Suite 305
Brunswick, GA 31520
P: 912.264.4211
F: 912.264.1204

cc: Barbara Moran

F:\Moran Industries\2007 Letters\Wyatt Unauth Transfer 6 27 07.doc

www.fisherzucker.com
A limited liability company formed in the Commonwealth of Pennsylvania



# Seamus Ryan

**From:** Seamus Ryan
**Sent:** Tuesday, March 02, 2010 5:52 PM
**To:** 'rbraun@kmalawfirm.com'
**Cc:** Barb Moran; Kelly Gee
**Subject:** Alta Mere v. Carder et al.
**Attachments:** Carder FZ Warning Letter to Wyatts.pdf

Hello, Robert,

It was a pleasure speaking with you this afternoon. I apologize for not sending this immediately, but I had a 4:30pm conference call and it was 4:35pm when we hung up. In any event, please see the attached letter from FisherZucker to the Wyatts regarding the aborted 2007 sale. As you will note, the Wyatts were notified that the Carders' franchisor had an interest in the business and would aggressively defend that interest.

Please review the attached and call me at your convenience. I hope all is well.

Sincerely,
S.

Seamus M. Ryan
General Counsel
Moran Industries, Inc.
4444 West 147th Street
Midlothian, Illinois 60445
(708) 297-2245
www.moranindustries.com

CONFIDENTIALITY NOTICE: This message is being sent by or on the behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This message may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part thereof. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

1


EXHIBIT C