HHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTA MERE INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-266 |
| v. ) | |
| ) | Judge John W. Darrah |
| DBC WINDOW TINTING, INC; ) | |
| ALTA MERE WINDOW TINTING ) | |
| & ALARMS OF TYLER; ) | |
| DAVID G. CARDER; ) | |
| BEVERLY M. CARDER; and ) | |
| IMPACT TINT & AUDIO, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alta Mere Industries, Inc. ("Alta Mere"), filed a Complaint against Defendants, DBC Window Tinting, Inc. ("DBC"), Alta Mere Window Tinting & Alarms of Tyler ("the Tyler Alta Mere franchise"), David G. Carder, Beverly M. Carder ("Carders"), and Impact Tint & Audio, LLC. ("Impact"). The Complaint alleges breach of a franchise agreement (Count I) and personal guarantee (Count II), injunction to enjoin the use of certain telephone numbers (Count III), trademark infringement under the Lanham Act (Count IV), trademark dilution (Count V), and contributory infringement (Count VI).

Presently before the Court is Impact's Motion to Dismiss Alta Mere's Counts III (as it applies to Impact), IV and V, for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons stated below, the motion is granted.[1]

## BACKGROUND

Alta Mere is a franchisor of automobile window tinting and alarm service centers known as Alta Mere Service Centers. On March 6, 2000, Alta Mere and DBC entered into a Franchise Agreement where DBC agreed to operate an Alta Mere franchise in Tyler, Texas, for twenty years. According to the Franchise Agreement, jurisdiction and venue would be in the Northern District of Illinois, should any legal proceedings arise out of the Franchise Agreement.

The Carders operated a Tyler Alta Mere franchise. In 2009, they sold their building, inventory and use of their business telephone numbers to Mark and Dee Wyatt, who then opened and operated the business as Impact on November 23, 2009, in the same building where the Tyler Alta Mere franchise was previously located. Alta Mere alleges it sent a letter to Mark Wyatt, care of the Carders, stating Impact was not permitted to use the telephone numbers or intellectual property associated with the Tyler Alta Mere franchise. Wyatt claims he never received this letter.

---

[1] Alta Mere has also filed a motion based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3), which need not be addressed because of the Court's ruling on Alta Mere's 12(b)(2) motion.

## ANALYSIS

### Personal Jurisdiction Over Impact

Impact argues the Complaint should be dismissed as to Impact because Impact does not have sufficient minimal contacts within Illinois to make itself subject to personal jurisdiction in Illinois.

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving personal jurisdiction over the defendant. *Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 208 F.Supp.2d 918, 922 (N.D. Ill. 2002) (*Greenberg*). The court accepts allegations in the complaint as true unless they are contradicted by the defendant's affidavits, and resolves any conflicts between the parties in favor of the plaintiff. *Euromarket Designs, Inc. v. Crate & Barrel, Ltd*, 96 F.Supp.2d 824, 822 (N.D. Ill. 2000) (*Euromarket Designs*).

A federal district court located in Illinois has personal jurisdiction over a non-resident defendant only if an Illinois state court would have jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd*, 107 F.3d 1272, 1275 (7th Cir. 1997) (*RAR*). For an Illinois court to have personal jurisdiction over a nonresident defendant, the court must determine if personal jurisdiction is permitted by (1) the Illinois long-arm statute, (2) the Illinois Constitution, and (3) the United States Constitution. *Brandon Apparel Group, Inc. v. Quitman Manufacturing, Co.*, 42 F.Supp.2d 821, 828 (N.D. Ill. 1999) (*Brandon Apparel*). The Illinois long-arm statute provides that personal jurisdiction comes under the limitations provided by the Due Process Clause of the 14th Amendment. *RAR*, 107 F.3d at 1276. Therefore, the Court need only look at the limitations under the United States

Constitution since there is no difference between the limits of the Illinois and United States Constitutions in regard to this matter. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

Under the Due Process Clause, a defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*International Shoe*). General jurisdiction exists when the defendant is either domiciled in the forum state, *Euromarket Designs*, 96 F.Supp.2d at 833, or has "continuous and systematic general business contacts" with the forum state. *RAR*, 107 F.3d at 1277.

Alta Mere filed the Complaint in the Federal District Court in Illinois. To establish general jurisdiction over Impact, Alta Mere needs to prove Impact has "continuous and systematic general business contacts" in Illinois. *RAR*, 107 F.3d at 1277. Alta Mere admits that Impact is a Texas company, which operates in Tyler, Texas. Alta Mere does not allege Impact has the proper "continuous and systematic" contacts in Illinois. Therefore, Impact is not subject to general jurisdiction in Illinois.

Regarding specific jurisdiction, a state has specific jurisdiction over a defendant when the suit arises "out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). When analyzing the contacts, the court must consider whether "those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR*, 107 F.3d at 1277. A defendant must have "purposefully availed itself of the privilege of conducting

activities" in the forum state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (*Burger King*), such that he would "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A defendant shall not be required to defend a lawsuit in a forum state "solely as a result of random, fortuitous, or attenuated contacts" or because of "unilateral activity of another party." *Burger King*, 471 U.S. at 475.

In this case, Alta Mere argues Impact is subject to personal jurisdiction in Illinois based on Impact's dealings with the other Defendants, who had franchise agreements with Alta Mere. Simply because the other Defendants may have contacts with Illinois due to the Franchise Agreement and are subject to personal jurisdiction does not automatically subject Impact to personal jurisdiction in Illinois. "Each Defendant's contacts with the forum state must be assessed individually." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 784 (7th Cir. 2003).

Alta Mere argues that Impact is subject to personal jurisdiction in Illinois because Alta Mere sent Impact a letter stating Alta Mere would pursue legal action if Impact engaged in business with the other Defendants. Alta Mere claims this letter gave Impact fair notice, and it could have anticipated being haled into court in Illinois. This letter was addressed to "Mr. Mark Wyatt, c/o David Carder," the owner of the Tyler Alta Mere franchise. (Pl. Ex. A.) In Mark Wyatt's affidavit, he states he never received the letter sent to Carder and that the address to which the letter was sent was not Wyatt's address when the letter was sent in 2007 and did not become his address until 2009. (*See* Def. Reply Br. Ex. F ¶ 6.) Another letter, belatedly attached to Alta Mere's surreply, was

5

allegedly sent to Mark Wyatt's home address. This letter states similar claims as the letter sent to Mark Wyatt, c/o David Carder. (*See* Pl. Surreply Br. Ex. B.)

Even if both these letters are considered, correspondence mailed to a defendant outside the forum state from parties within the forum state does not provide a basis for personal jurisdiction. *Greenberg*, 208 F.Supp.2d at 926. These letters sent to Impact constitute "random, fortuitous, or attenuated contacts" with Illinois. *Burger King*, 471 U.S. at 475. Exercising jurisdiction over Impact based on these letters would not comply with "fair play and substantial justice." *International Shoe*, 326 U.S. at 316. Alta Mere has failed to show acts that demonstrate Impact "purposefully availed itself of the privilege of conducting activities" in Illinois in order to prove personal jurisdiction. *Burger King*, 471 U.S. at 474-75.

Because Alta Mere is unable to establish Illinois has either general or specific jurisdiction over Impact, Impact's Motion to Dismiss for lack of personal jurisdiction is granted.

## CONCLUSION

For the foregoing reasons, Impact's Motions to Dismiss for lack of personal jurisdiction is granted.

Date: 5-6-10

JOHN W. DARRAH
United States District Court Judge